## Stephen Girard *against* Edward Stiles.

Court will not amend the verdict of the jury, unless on sure grounds. Nor will they amend the damages laid in the plaintiff's declaration after verdict, without sending the cause to a new trial.

THE plaintiff declared in covenant, and laid his damages at $2000. On a trial this term he obtained a verdict for $2856.38, and Mr. Blair, for the defendant, entered a motion in arrest of judgment.

Mr. Ingersoll, for the plaintiff, now stated and verified the following facts to the court :

A former action was brought by Stiles against Girard on a lease (the foundation of the present suit) for rent, to March term, 1798, on which it was agreed, that new actions should not be brought. A trial was had therein and a verdict for the plaintiff taken by consent. The judgment entered thereon was afterwards carried up to the High Court of Errors and Appeals and there confirmed.

On the 1st July, 1802, the counsel on both sides signed a written paper, to enter the present suit as an amicable action in covenant, as of March term preceding.

And on the 21st September, 1802, they entered into another agreement, that this suit should be tried on the general issue of covenants performed ; the replication to state as a breach the landlord's not allowing for certain buildings, and some "disputed "items of account," so as to ascertain the general balance of accounts between the parties.

On the 28th of the same month of September, Mr. Dickerson, the attorney for Stiles, pressing for the money he had recovered, *he and Girard signed another paper explanatory [*2 of the last agreement, wherein it was expressed that the "disputed items of account," mentioned in the agreement of 21st

4 YEATES—I

[Girard *v.* Stiles.]

September last, include any over-payments and mistakes in the judgment obtained by Stiles against Girard for $3660 on the 21st September, 1801. In consequence whereof, Girard paid the money to Mr. Dickerson for the use of Stiles.

The declaration in the present cause having been drawn before the agreements in September, though marked filed on the 22d September, 1802, Mr. Ingersoll now moved the court to model the verdict in such a manner as to separate the sum due strictly on the lease from the sum due on the two agreements, according to the evidence given to the jury; and enter the former sum as the verdict on the lease and the latter as the verdict on the agreements, which, according to his calculations, would result as follows:

A verdict to be entered for $1503.60, the damages on the declaration; and for $1352.78, the damages on the agreements; making the amount of $2856.38 in the whole. Or if the court should deem it more expedient, he moved that the damages in the declaration might be increased from $2000 to $3000.

In support of his motion he urged the following authorities: The *postea* may be amended by the Judge's notes at any time, even after final judgment, and a writ of error brought. 3 Term Rep., 749. And another strong case of amendment occurs in the same book, page 349. Nor have the courts of justice in this state been backward in directing amendments. In Burrows *v.* Heysham, 1 Dall., 134, the president of the Common Pleas (now Chief Justice), declared that on the liberal principles of modern practice, and, indeed, for the honor of common sense, it was incumbent on the court to direct that a *scire facias* should be amended by the record after the judgment was removed by writ of error. And he there cited Galbraith's lessee *v.* Scott, Scott *v.* Galbraith, where this court directed the amendment of a verdict, though there was nothing to amend by. In Tomlinson et al. *v.* Blacksmith, 7 Term, 132, a declaration was amended after verdict by amending the damages laid, but a new trial was granted to enable the defendant to make his defence to the demand so enlarged. In the principal case there could be no surprise; the defendant was perfectly acquainted with the objects of the plaintiff's suit. Lord KENYON has remarked that these amendments are not reducible to any certain rules; and each particular case must be left to the sound discretion of the court. The best principle is that an amendment shall or shall not be permitted to be made, as it will best tend to the furtherance of justice.

*3] *Mr. Blair, for the defendant, declined giving any consent to either of the amendments prayed for. His client had come to trial without due preparation on several material parts of his case.

The court declared that they were strongly inclined to treat

the plaintiff's motion with the utmost liberality, but were not disposed to make new precedents. They continued the matter under advisement for a few days.

Afterwards the court said they had considered both points fully, and were sorry that notwithstanding their personal feelings, they were obliged to refuse the motion. It appeared from the notes of the trial that the whole sum demanded was not recovered; and they could not possibly discriminate between what was found due in the action of covenant and on the agreements. It would therefore be an unwarrantable liberty to enter up the verdict in the manner required.

The observation of Lord KENYON in 7 Term Rep., 133, forms a full answer to the remaining part of the motion. "It would "be going too far to make the amendment required, without "sending the cause to a new trial; as the defendant might "have gone to trial, relying that no more than $2000 could be "recovered against him."

Mr. Ingersoll then agreed to set aside the verdict, and that a new trial should be granted, on his obtaining leave to make the amendment in the declaration, which the court granted, without hesitation.